UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLOTTE MORRIS,

    Plaintiff,

v.                                       Case No.:  2:22-cv-547-JLB-KCD

SUN COMMUNITIES, INC.,

    Defendant.
_____/

## **ORDER**[1]

This is a trip and fall case, filed in state court at the end of 2021. Yesterday, Defendant Sun Communities, Inc. filed a notice of removal under 28 U.S.C. § 1441(b), asserting that the case became removable on July 15, 2022, when it was served with a Proposal for Settlement.[2] (Doc. 1.)

Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian*

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Under 28 U.S.C. § 1446(b)(3), if a case is not initially removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be determined that the case is one which is or has become removable. Although it appears that the removal was filed more than 30 days after Sun Communities was served with the Proposal for Settlement, which "reflected that the case is or has become removable" (Doc. 1 at 1), timeliness is a waivable defect that Plaintiff must raise. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010).

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[3]

A defendant may remove a civil case from state court provided it could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The defendant seeking removal must establish diversity jurisdiction as of the date of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). Defendant must show, by a preponderance of the evidence, facts supporting jurisdiction. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

---

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The Court sees a problem with both diversity of citizenship and amount in controversy.

Citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. Here, Charlotte Morris's citizenship is unclear. Sun Communities alleges that she "resides in Tennessee." (Doc. 1 at 2.) Residency is not sufficient.

For amount in controversy, Sun Communities relies on the Proposal for Settlement, tendered under Fla. Stat. § 768.79, but sans details. (Doc. 1 at 1.) The Court cannot simply conclude that the amount in controversy is met based on an unspecified settlement offer. Further, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). The Notice of Removal contains no other factual allegations about the amount in controversy, nor does Sun Communities submit any evidence about

the amount in controversy. And although Charlotte Morris makes a general statement of her alleged injuries in the Complaint (Doc. 3 at 3), such a general statement is insufficient alone to establish subject-matter jurisdiction. *See Lowery v. Ala. Power Co.,* 438 F.3d 1184, 1215 (11th Cir. 2007) (defendants, nor the court, may speculate to make up for a notice of removal's failings); *Jennings v. Powermatic,* No. 3:13-cv-921-J-32JBT, 2013 WL 6017313, at *2 (M.D. Fla. Nov. 13, 2013) (noting that the court may use reasonably deductions and common sense in determining whether the jurisdictional threshold has been met, but may not speculate or guess, and there must be some supporting evidence to do so).

At bottom, Sun Communities has not shown "by a preponderance of the evidence" that subject-matter jurisdiction exists. To remedy these deficiencies, Sun Communities may supplement the notice of removal. *See* 28 U.S.C. § 1653.

Finally, the Local Rules. The Notice of Removal does not include each paper docketed in the state court, as required by Local Rule 1.06(b). Nor does it comply with the typography requirements of Local Rule 1.08 (typeface must be Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino; Times New Roman is permitted if the main text is at least 14-point, with other requirements). All future filings must comply with the Local Rules.

It is now **ORDERED**:

Defendant must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction by **September 21, 2022**. **Failure to do so will result in a recommendation this case be remanded for lack of subject-matter jurisdiction**.

**ENTERED** in Fort Myers, Florida this September 7, 2022.

                                                Kyle C. Dudek
                                                United States Magistrate Judge

Copies:  All Parties of Record